```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

LORI MAIER and JAMES MAIER,           )
personally and on behalf of B.T.      )
a minor child,                        )
                                      )
        Plaintiffs,                   )
                                      )
    v.                                )   Civil Action No. 08-0154
                                      )
CANON MCMILLAN SCHOOL DISTRICT,       )
and LINDA NICHOLS, in her             )
individual and official capacity      )
as former Principal, and              )
MICHELE MOELLER, in her individual    )
and official capacity as softball     )
coach of Canon McMillan High          )
School Varsity Team, and EUGENE       )
BOOKLITNER, in his individual         )
and official capacity as former       )
Superintendent, and DR. NICK BAYAT,   )
in his individual and official        )
capacity as Superintendent, and       )
JUSTIN BEDILION, in his individual    )
and official capacity as employee     )
and volunteer softball coach,         )
                                      )
        Defendants.                   )

## MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                               November 26, 2008

This is an action in civil rights under section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a); and Article I, §§ 1, 8 of the Pennsylvania Constitution [doc. no. 1]. Plaintiffs bring this action personally and on behalf of their minor child, B.T. Defendants Canon McMillan School District, Linda Nichols, Michelle

Moeller, Eugene Buchleitner,[1] and Dr. Nick Bayat (the School District defendants[2]) have filed a renewed motion to dismiss seeking to dismiss all of the claims against them [doc. no. 42]. For the reasons set forth below, the motion will be granted in part and denied in part.

I. BACKGROUND

The following material facts are set forth in plaintiffs' complaint and are accepted as true for purposes of this opinion.

At all relevant times, B.T. was a minor and a student at Canon McMillan High School. During 2006, she was a member of the Canon McMillan High School girls softball team. Beginning in 2005 and continuing into 2006, B.T. was subjected to a series of sexual advances by defendant Justin Bedilion. Defendant Bedilion was an adult volunteer softball coach of Canon McMillan High School's softball team and plaintiffs allege that he was also an employee of the Canon McMillan School District. In 2006, these sexual advances culminated in sexual activity between B.T. and defendant Bedilion,

---

[1] The School District defendants note that defendant Buchleitner's name is misspelled as "Booklitner" in the caption of the complaint.

[2] Defendant Justin Bedilion, the alleged employee of and volunteer softball coach for Canon McMillan School District, is not a member of the School District defendants. He has not appeared in this action or joined in the School District defendants' renewed motion to dismiss.

2

which occurred during and after school and on school property.

The sexual activity continued between defendant Bedilion and B.T. until approximately August 28, 2006, when defendant Bedilion was arrested and charged with committing sexual offenses against B.T. and another student at Canon McMillan High School.

Plaintiffs filed this action on February 4, 2008. Plaintiffs allege five counts: Count I alleges section 1983 claims against defendant Bedilion. Plaintiffs claim that defendant Bedilion, acting under color of state law, violated B.T.'s constitutional rights to personal security, bodily integrity, and freedom from sexual abuse guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs also claim that defendant Bedilion violated B.T.'s constitutional right to be free from illegal seizures guaranteed by the Fourth Amendment to the United States Constitution.

Count II alleges section 1983 claims against the School District defendants. Plaintiffs claim that the School District defendants violated B.T.'s constitutional rights to personal security, bodily integrity, and freedom from sexual abuse guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs also claim that the School District defendants violated B.T.'s Fourth Amendment right to be free from illegal seizures.

Count III alleges that Canon McMillan School District

created and/or permitted an environment of sexual harassment, which deprived B.T. of educational opportunities in violation of Title IX. Count IV alleges a state law claim that all defendants intentionally and deliberately inflicted extreme emotional distress upon plaintiffs in violation of Pennsylvania common law.

Finally, Count V alleges that all defendants intentionally and deliberately violated B.T.'s due process rights under Article I, § 1 of the Pennsylvania Constitution and her right to be free of illegal seizures under Article I, § 8 of the Pennsylvania Constitution.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make

a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed the School District defendants' renewed motion to dismiss.

II. DISCUSSION

The School District defendants' motion requests that we dismiss Counts II, III, IV, and V against them.

### A. Count II - Section 1983 Claims

Count II alleges section 1983 claims against the School District defendants. Plaintiffs assert that the School District defendants violated B.T.'s rights to personal security, bodily integrity, and freedom from sexual abuse guaranteed by the Fourteenth Amendment to the United States Constitution and her right to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution. Defendants contend that the section 1983 claims are subsumed by Title IX. The court agrees and will dismiss the section 1983 claims.

Section 1983 does not create substantive rights; rather, it allows a plaintiff to recover damages for violations of rights protected by other federal laws or by the United States Constitution. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Wilson v. Garcia, 471 U.S. 261, 278 (1985). The Supreme Court has made clear, however, that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under section 1983. Williams v. The Sch. Dist. of Bethlehem, PA, 998 F.2d 168, 176 (3d Cir. 1993) (citing Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981)). This limitation to section 1983 is commonly known as

the Sea Clammers doctrine.

The School District defendants argue that plaintiffs' section 1983 claims are foreclosed pursuant to the Sea Clammers doctrine because they are subsumed by Title IX. Title IX of the Education Amendment of 1972 provides, in part, as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

The Court of Appeals for the Third Circuit has held that Congress intended to foreclose a right of action under section 1983 by enacting Title IX. Williams, 998 F.2d at 176 (citing Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779, 789 (3d Cir. 1990)). Restated, plaintiffs cannot prosecute parallel claims for the same wrongs under both section 1983 and Title IX. The Title IX claims subsume the section 1983 claims.[3] We recently followed Williams and Pfeiffer under similar facts and dismissed the section 1983

---

[3] Although there is a split among the Circuit Courts of Appeal on the Sea Clammers issue, see Doe v. Upper St. Clair Sch. Dist., No. 08-0910, 2008 WL 4861892, at *2 (W.D. Pa. Nov. 9, 2008), we will follow the law of this jurisdiction as set forth in Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779 (3d Cir. 1990). We also note that the Supreme Court granted certiorari in Fitzgerald v. Barnstable Sch. Comm., 504 F.3d 165, 177 (1st Cir. 2007) cert. granted, 128 S.Ct. 2903 (U.S. June 9, 2008) (No. 07-1125), a peer-on-peer sexual harassment case. Argument is scheduled for December 2, 2008. Should there be a fundamental change in the law, as instructed by the Supreme Court during the pendency of this case, we will be open to reconsideration of this ruling.

claims holding that a plaintiff may not pursue both section 1983 claims, alleging a peer-on-peer sexual assault of a school student, and the same claims under Title IX. Doe v. Upper St. Clair Sch. Dist., No. 08-0910, 2008 WL 4861892, at *1-2 (W.D. Pa. Nov. 9, 2008).

Plaintiffs contend, however, that Title IX only subsumes section 1983 claims against school officials in their official capacities, not in their individual capacities. We disagree.

Reduced to its essence, individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official capacity suits, in contrast, generally represent only another way of pleading an action against the state. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citations omitted).

Neither the Supreme Court in Sea Clammers, nor the Court of Appeals for the Third Circuit, have recognized the distinction urged by plaintiffs between section 1983 suits brought against state officials in their official capacities versus their individual capacities. Indeed, in the seminal case of Pfeiffer, the plaintiff brought suit against school officials in their individual capacities only. See Pfeiffer, 917 F.2d at 783. The Court of Appeals for the Third Circuit did not make the distinction plaintiffs advance here and held that plaintiff's section 1983 claims brought against the officials in their individual capacities

8

were subsumed by Title IX. Id. at 789.

Accordingly, we must dismiss Count II of plaintiffs' complaint because plaintiffs' cannot assert parallel section 1983[4] and Title IX claims against the School District defendants for the same wrong.[5]

B. <u>Counts III, IV, and V</u>

Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal of Counts III, IV, and V is appropriate at this early stage in the proceedings. The court finds that the School District defendants' remaining arguments relating to certain defendants' official capacities, the claims on behalf of Lori Maier and James

---

[4] To the extent that plaintiffs' claims for violations of the Fourth Amendment are not covered by the Court of Appeals for the Third Circuit's analysis of section 1983 claims in relation to Title IX claims, we hold that plaintiffs' Fourth Amendment claims are without merit. The Supreme Court has clarified that the Fourth Amendment's "overriding function ... is to protect personal privacy and dignity against unwarranted intrusion by the state. But the principal concern of that Amendment's prohibition against unreasonable searches and seizures is with intrusions on privacy in the course of criminal investigations." Ingraham v. Wright, 430 U.S. 651, 673 n.42 (1977) (internal quotations and citations omitted). Accordingly, plaintiffs' claim under the Fourth Amendment for an "unconstitutional seizure" in the form of a sexual assault unconnected to a criminal investigation must fail. See S.F. v. Delaware Valley Sch. Dist., No. 08-581, 2008 WL 4680580, at *6 (M.D. Pa. Oct. 20, 2008); K.K. v. Weeks, No. 04-2290, 2007 WL 2782273, at *6-7 (M.D. Pa. Sept. 21, 2007).

[5] At this stage of the proceedings, we set aside the issue of whether defendant Bedilion was acting under color of state law when he committed the sexual offenses against B.T. as alleged in Count I.

9

Maier personally as opposed to on behalf of B.T., the statute of limitations, and punitive damages are also premature. The School District defendants' motion will, therefore, be denied as to these remaining arguments, without prejudice.

IV. CONCLUSION

For the reasons set forth above, Count II is dismissed.

We will not dismiss the remaining counts against the School District defendants at this time. Our ruling, however, does not prevent the School District defendants from raising these arguments after discovery is complete in a motion for summary judgment on a fully developed record.

BY THE COURT:

_____, J.

cc: All Counsel of Record

Maier personally as opposed to on behalf of B.T., the statute of limitations, and punitive damages are also premature. The School District defendants' motion will, therefore, be denied as to these remaining arguments, without prejudice.

IV. CONCLUSION

For the reasons set forth above, Count II is dismissed.

We will not dismiss the remaining counts against the School District defendants at this time. Our ruling, however, does not prevent the School District defendants from raising these arguments after discovery is complete in a motion for summary judgment on a fully developed record.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI MAIER and JAMES MAIER, personally and on behalf of B.T. a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>CANON MCMILLAN SCHOOL DISTRICT, and LINDA NICHOLS, in her individual and official capacity as former Principal, and MICHELE MOELLER, in her individual and official capacity as softball coach of Canon McMillan High School Varsity Team, and EUGENE BOOKLITNER, in his individual and official capacity as former Superintendent, and DR. NICK BAYAT, in his individual and official capacity as Superintendent, and JUSTIN BEDILION, in his individual and official capacity as employee and volunteer softball coach,<br><br>Defendants. | Civil Action No. 08-0154 |

## ORDER

AND NOW, this 26th day of November, 2008, IT IS HEREBY ORDERED that the renewed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed on behalf of defendants Canon McMillan School District, Linda Nichols, Michelle Moeller, Eugene Buchleitner, and Dr. Nick Bayat [doc. no. 42] is GRANTED in part and DENIED in part.

The motion is granted as to Count II only. Count II is dismissed with prejudice.

BY THE COURT:

_____, J.

cc: All Counsel of Record