```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

LORI MAIER and JAMES MAIER,            )
personally and on behalf of B.T.       )
a minor child,                         )
                                       )
          Plaintiffs,                  )
                                       )
     v.                                )   Civil Action No. 08-0154
                                       )
CANON MCMILLAN SCHOOL DISTRICT,        )
and LINDA NICHOLS, in her              )
individual and official capacity       )
as former Principal, and               )
MICHELE MOELLER, in her individual     )
and official capacity as softball      )
coach of Canon McMillan High           )
School Varsity Team, and EUGENE        )
BOOKLITNER, in his individual          )
and official capacity as former        )
Superintendent, and DR. NICK BAYAT,    )
in his individual and official         )
capacity as Superintendent, and        )
JUSTIN BEDILION, in his individual     )
and official capacity as employee      )
and volunteer softball coach,          )
                                       )
          Defendants.                  )

## MEMORANDUM ORDER

Gary L. Lancaster
District Judge.                                       May 9, 2009

AND NOW, this 9th day of May, 2009, IT IS HEREBY ORDERED that the motion to compel subpoenaed records pursuant to Rule 45(c)(2)(B)(i) [doc. no. 65] is GRANTED.[1]

---

[1]

The court recognizes that the Washington County Office of the District Attorney cited 35 P.S. § 67.708 (although we presume that they intended to cite 65 P.S. § 67.708) in support of their position that their file relating to the criminal investigation of Justin Larry Bedilion is confidential and not discoverable in this case. In federal court, however, discovery disputes are governed by federal law. State privileges only apply in federal court where

IT IS FURTHER ORDERED that the Washington County District Attorney's Office shall provide defendants Canon McMillan School District, Linda Nichols, Michele Moeller, Eugene Bookleitner, and Dr. Nick Bayat with a full and complete copy of all of documents identified as items 8 through 13 in the April 1, 2009 Washington County Office of the District Attorney letter, attached to defendants' motion to compel subpoenaed records as Exhibit "C", within twenty (20) days of the date of this Order. For purposes of this Order, said documents will hereinafter be referred to as the "Washington County Investigative Documents."

IT IS FURTHER ORDERED that, until further Order of the court, if any, the Washington County Investigative Documents are deemed confidential and will be stamped "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION." The Washington County Investigative Documents are not to be accessible to anyone other than the counsel of record in this case, except that counsel of record in this case may share

---

state law governs the dispute. See Fed. R. Evid. 501.
  Rule 501 of the Federal Rules of Evidence provides that the federal law of privilege applies in federal courts except (1) in civil cases in which state law supplies the rule of decision, and (2) "as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 501. It is clear from these provisions that the federal law of privilege generally applies in federal question cases, in which federal law supplies the rule of decision.
  This is a federal question case as plaintiffs have alleged claims under Section 1983 and Title IX. Therefore, federal privilege law applies and the aforementioned state statutory confidentiality provisions do not govern the present dispute. See Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000).

said documents with any expert retained for purposes of this litigation. Any expert to whom the Washington County Investigative Documents are disclosed must abide by the terms of this Order.

IT IS FURTHER ORDERED that if any counsel of record believes it is necessary to share any Washington County Investigative Documents with someone other than a person who is permitted to review the documents under the foregoing provisions, he or she may move the court to do so.

IT IS FURTHER ORDERED that within thirty (30) days after final conclusion of this case (including conclusion of any appeals) all counsel of record in possession of any of the Washington County Investigative Documents, and any expert in possession of any of the Washington County Investigative Documents will destroy said documents.

BY THE COURT:

_____, J.

cc: All Counsel of Record