IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI MAIER and JAMES MAIER, personally and on behalf of B.T. a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>CANON MCMILLAN SCHOOL DISTRICT, and LINDA NICHOLS, in her individual and official capacity as former Principal, and MICHELE MOELLER, in her individual and official capacity as softball coach of Canon McMillan High School Varsity Team, and EUGENE BOOKLITNER, in his individual and official capacity as former Superintendent, and DR. NICK BAYAT, in his individual and official capacity as Superintendent, and JUSTIN BEDILION, in his individual and official capacity as employee and volunteer softball coach,<br><br>Defendants. | Civil Action No. 08-0154 |

MEMORANDUM

Gary L. Lancaster
District Judge.                                        May 18, 2009

    This is an action in civil rights under section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a); and Article I, §§ 1, 8 of the Pennsylvania Constitution [doc. no. 1]. Plaintiffs bring this action personally and on behalf of their minor child, B.T.

    Before the court is plaintiff B.T.'s Motion to Supplement Complaint in Civil Action pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d). [Doc. No. 66]. For the reasons set

forth below, the motion will be denied.

I. STANDARD OF REVIEW

A. Fed.R.Civ.P. 15(a)

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Although plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, subsequent amendments are permitted only with leave of court. Id. The rule requires that "the court should freely give leave when justice so requires." Id.

Courts have denied motions to amend, however, upon a showing of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court of Appeals for the Third Circuit has determined that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). "But the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" Bechtel, 886 F.2d

2

at 652 (quoting <u>Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.</u>, 663 F.2d 419, 426 (3d Cir. 1981)) (alteration in original).

B.  Fed.R.Civ.P. 15(d)

Fed.R.Civ.P. 15(d) governs the submission of supplemental pleadings. It provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened <u>after</u> the date of the pleading to be supplemented." <u>Id</u>. (emphasis added). As with Rule 15(a), a motion to supplement will be denied where there is undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of amendment. <u>Life & Health Ins. Co. of America v. Fed. Ins. Co.</u>, No. 92-6736, 1994 WL 125212, at *1 (E.D. Pa. Apr. 13, 1994).

II. <u>DISCUSSION</u>

Plaintiffs seek to add a new cause of action against the Canon McMillan School District (the "School District"). [Doc. No. 66, Exhibit A at ¶¶ 67-76]. Plaintiffs allege that the School District intentionally interfered with plaintiff B.T.'s status as a student and a member of the softball team in retaliation for her request that the School District take action regarding the misconduct of defendant Justin Bedilion and for filing this

lawsuit. Id. at ¶¶ 68, 72. Accordingly, plaintiffs seek to allege a First Amendment retaliation claim against the School District.

Plaintiffs specify that the alleged retaliation occurred "[p]rior to the filing of the instant lawsuit on February 2, 2008." Id. at ¶ 68. They further state that "[s]ubsequent to the filing of this Complaint, Plaintiff suffered through hostility directed towards her at the hand of the Defendant[] and its agents and/or employees." Id. at ¶ 72.

Defendants the School District, Linda Nichols, Michelle Moeller, Eugene Bookleitner, and Dr. Nick Bayat (the School District defendants [1]) argue that plaintiffs unduly delayed in filing their motion to supplement because: (1) plaintiffs were aware that certain of the alleged events occurred before they filed the original complaint, and (2) the alleged events that occurred subsequent to the filing of the complaint happened long before this court's June 6, 2008 Rule 16.1 scheduling conference, before discovery ended on January 5, 2009, before this court's January 23, 2009 post-discovery status conference, and before the School District defendants filed for summary judgment on March 31, 2009.

The School District defendants also argue that they will be unduly prejudiced if amendment is allowed. They explain that if

---

[1] Defendant Justin Bedilion, the alleged employee of and volunteer softball coach for the School District, is not a member of the School District defendants.

4

this court grants plaintiffs' motion, they will be forced to incur additional expenses through the re-opening of discovery to re-depose certain witnesses, the filing of an additional motion to dismiss or other responsive pleading, and the re-filing for summary judgment. Additionally, they state that the deadlines set forth in the court's final scheduling order will likely need to be delayed, including the anticipated trial date.

It is clear to the court that the conduct that forms the basis for this new cause of action occurred both before and after the filing of this lawsuit on February 2, 2008. Accordingly, it is unclear whether Federal Rule of Civil Procedure 15(a) or 15(d) governs this proposed amendment. We note that, however, both a motion to amend pursuant to Rule 15(a) and a motion to supplement pursuant to Rule 15(d) will be denied if the court finds undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies, or undue prejudice to the opposing party. Our analysis of plaintiffs' motion, therefore, is the same regardless of whether plaintiffs request to amend under Rule 15(a) or supplement under Rule 15(d). Hutchins v. United Parcel Serv., Inc., No. 01-1462, 2005 WL 1793695, at *3-4 (D.N.J. July 26, 2005).

Here, plaintiffs waited approximately fourteen months from the time that they filed their complaint to request that this court allow them to add their First Amendment retaliation claim.

5

Discovery closed on January 5, 2009 and defendants' motion for summary judgment is pending. Trial is currently scheduled for October 5, 2009. We also note that the parties' joint proposed deadline for amending any pleadings was September 12, 2008. [Doc. No. 31 at ¶ 9.c.]. The case is now at an advantaged stage of litigation.

We agree with the School District defendants that plaintiffs waited too long to file the instant motion and have failed to give any credible reason justifying their delay. Plaintiffs have provided no explanation for their failure to assert this retaliation claim in their original complaint or why they waited to assert the claim at this late stage in the proceedings. Forcing the School District defendants to engage in additional discovery and file additional briefings at this late stage in the proceedings, when plaintiffs wasted prior opportunities to request amendment, would be unduly prejudicial to defendants and would also "place[] an unwarranted burden on the court." See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266-67 (3d Cir. 2008) (affirming district court's denial of leave to amend complaint where the request came after defendants filed a motion for summary judgment and where plaintiff failed to give any reasonable explanation for his delay).

Accordingly, we will deny plaintiffs' motion to supplement.

IV. <u>CONCLUSION</u>

For the reasons set forth above, plaintiffs' motion to supplement [doc. no. 66] is DENIED.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI MAIER and JAMES MAIER, personally and on behalf of B.T. a minor child, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0154 |
| CANON MCMILLAN SCHOOL DISTRICT, and LINDA NICHOLS, in her individual and official capacity as former Principal, and MICHELE MOELLER, in her individual and official capacity as softball coach of Canon McMillan High School Varsity Team, and EUGENE BOOKLITNER, in his individual and official capacity as former Superintendent, and DR. NICK BAYAT, in his individual and official capacity as Superintendent, and JUSTIN BEDILION, in his individual and official capacity as employee and volunteer softball coach, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

AND NOW, this 18th day of May, 2009, IT IS HEREBY ORDERED that plaintiffs' Motion to Supplement Complaint in Civil Action [doc. no. 66] is DENIED.

BY THE COURT:

_____ J.

cc: All Counsel of Record