```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LORI MAIER and JAMES MAIER,        )
personally and on behalf of B.T.   )
a minor child,                     )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )Civil Action No. 08-0154
                                   )
CANON MCMILLAN SCHOOL DISTRICT,    )
and LINDA NICHOLS, in her          )
individual and official capacity   )
as former Principal, and           )
MICHELE MOELLER,in her individual  )
and official capacity as softball  )
coach of Canon McMillan High       )
School Varsity Team, and EUGENE    )
BOOKLITNER, in his individual      )
and official capacity as former    )
Superintendent, and DR. NICK       )
BAYAT,in his individual and        )
official capacity as Super-        )
intendent, and JUSTIN BEDILION,    )
in his individual and official     )
capacity as employee and           )
and volunteer softball coach,      )
                                   )
          Defendants.              )
```

**O R D E R**

Before the court is defendants's motion for summary judgment and plaintiffs' response in opposition to the motion. In the court's Final Scheduling Order, dated January 25, 2009, the court specified the format for a motion for summary judgment and the response thereto. Defendants' motion and brief is in conformity with the court's order. Plaintiffs' response,

however, is not. Specifically, page 4 of the order states the following:

> "The response in opposition to a motion for summary judgment shall consist of the following:
> **1.** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
> (a) admitting or denying each fact contained in the moving party's Concise Statement of Material Facts, and where appropriate, indicating whether a fact is immaterial.
> (b) If disputed or not admitted in its entirety, the respondent shall state a concise counter statement of the matter. At the conclusion of each counter statement, respondent shall refer, with particularity, to those portions of the record upon which respondent relies. For example,
> > "5) Admitted.
> > 6) Disputed. On the contrary . . . (See plaintiff's deposition of November 1, 2007, at Page 7, lines 12-14)"; and
>
> (c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment"

The format for a response to a motion for summary judgment serves an important function. It permits the court to determine whether there is a genuine dispute of material fact and if the undisputed facts entitle the moving party to judgment. Therefore, the court will hold in abeyance the pending motion until **June 8, 2009** to allow plaintiffs to file a response to defendants' Concise Statement of Material Facts [document #63] that conforms to the court's order.

Should plaintiffs fail to do so, the court will deem defendants' statement of facts admitted.

>BY THE COURT:
>
>s/Gary L. Lancaster          , J.
>Hon. Gary L. Lancaster,
>United States District Judge

Dated:  May 18, 2009

cc:   All Counsel of Record